DJW/1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ALLISON P. DOCKHORN,**

        **Plaintiff,**

   v.                                       Case No.  08-2307-JAR-DJW

**HAFELE AMERICA COMPANY, et al.,**

        **Defendants.**

## MEMORANDUM AND ORDER

This case concerns a fire which occurred at Plaintiff's residence.  Plaintiff asserts claims for negligence, breach of express and implied warranty, and product liability.  Pending before the Court is a Motion to Compel Discovery (doc. 73) filed by Defendant Kitchens by Kleweno ("Kleweno"), which seeks to compel Plaintiff to provide certain information sought in Kleweno's Opening Interrogatories No. 3, 4, 9, 19, and 21.  Also before the Court is a Motion to Compel Discovery (doc. 75) filed by Kleweno and Defendant Cherie Brown ("Brown"), which seeks to compel Plaintiff to provide certain documents sought in First Requests for Production No. 19, 24, and 33 propounded by Kleweno and Brown (collectively "Movants").

Plaintiff's responses to the Motions to Compel were due April 15, 2009.  To date, no responses the Motions have been filed, and no party has notified the Court that the Motions have been resolved.  The Court therefore grants the Motions to Compel as uncontested.[1]

Within **twenty (20) days** of the date of filing of this Order, Plaintiff shall produce all

---

[1] *See*  D. Kan. Rule 7.4 ("If a respondent fails to file a response within the time required . . . the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice.").

documents responsive to Movants' Requests No. 19, 24, and 33. Said production shall take place at the offices of Movants' counsel or at any other location agreed upon by the parties. Within that same time frame, Plaintiff shall also supplement her answers to Kleweno's Opening Interrogatories No. 3, 4, 9, 19, and 21 to provide the information sought In Kleweno's Motion.

The Court will now proceed to address the additional relief Movants request in their Motions. Movants request that, in the event Plaintiff fails to produce the documents or supplement her interrogatory responses as ordered by the Court, Plaintiff should be required to pay the reasonable attorney's fees "necessitated by the filing" of these two Motions.[2] The Court finds such a request to be premature. In the event Plaintiff does not produce the documents or supplement her interrogatory responses as directed in this Order, Movants may, at that time, file a motion or motions under Federal Rule of Civil Procedure 37(b)(2) addressing her failure to obey this Order.[3]

Movants do not request that Plaintiff pay their expenses or attorney's fees at the present time, based on the fact that the Motions to Compel have been granted. Federal Rule of Civil Procedure 37(a)(5)(A) provides for the payment of the moving party's reasonable expenses and attorney's fees in such a situation. Under the Rule, the court *must*, after "giving an opportunity to be heard," require the party whose conduct necessitated the motion to compel to pay the movant's reasonable attorney's fees and expenses incurred in making the motion, unless (i) the movant filed the motion before attempting in good faith to obtain the discovery without court action, (ii) the opposing party's nondisclosure was substantially justified, or (iii) other circumstances make an award of expenses

---

[2] Kleweno's Mot. to Compel (doc. 73) at 3; Movants' Mot. to Compel (doc. 75) at 3.

[3] Fed. R. Civ. P. 37(b)(2) provides that when a party fails to obey an order to provide discovery under Rule 37(a), the Court "may issue further just orders."

unjust.[4]

As the Rule expressly provides, the Court may award fees and expenses under Rule 37(a)(5)(A) only after the Court has afforded the parties the "opportunity to be heard."[5] To satisfy this requirement, the Court directs Plaintiff to show cause, in a pleading filed with the Court within **twenty (20) days** of the date of this Order, why she and/or her attorney should not be required to pay the reasonable attorney's fees and expenses Movants incurred in filing the Motions to Compel. Movants shall have **eleven (11) days** thereafter to file a response or responses thereto, if they so choose. In the event the Court determines that attorney's fees and expenses should be awarded, the Court will issue an order setting forth a schedule for the filing of affidavits reflecting the amount of fees and expenses Movants have incurred, and for the filing of any related briefs.

**IT IS THEREFORE ORDERED** that the Motion to Compel Discovery filed by Defendant Kitchens by Kleweno (doc. 73) is granted as unopposed.

**IT IS FURTHER ORDERED** that the Motion to Compel Discovery filed by Defendants Cherie Brown and Kitchens by Kleweno (doc. 75) is granted as unopposed.

**IT IS FURTHER ORDERED** that Plaintiff shall produce all documents and supplement her interrogatory answers as required by this Order within **twenty (20) days** of the date of this Order.

**IT IS FURTHER ORDERED** that Plaintiff shall, within **twenty (20) days** of the date of this Order, show cause in a pleading filed with the Court, why she and/or her attorney should not

---

[4] Fed. R. Civ. P. 37(a)(5)(A) (Rule renumbered by Dec. 1, 2007 amendments).

[5] *McCoo v. Denny's, Inc.*, 192 F.R.D. 675, 697 (D. Kan. 2000) (citing Fed. R. Civ. P. 37(a)(4) (now numbered Fed. R. Civ P. 37(a)(5)).

be required to pay the reasonable attorney's fees and expenses Movants have incurred in filing their Motions to Compel.  Movants shall have **eleven (11) days** thereafter to file a response or responses thereto.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 22nd day of April 2009.

s/David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:   All counsel and *pro se* parties