DJW/1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**ALLISON P. DOCKHORN,**

        **Plaintiff,**

    v.                                                    Case No.  08-2307-JAR-DJW

**HAFELE AMERICA COMPANY, et al.,**

        **Defendants.**

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion to Reconsider and to Vacate Order (doc. 84) ("Motion to Reconsider"), which requests that the Court reconsider and vacate the Court's April 22, 2009 Memorandum and Order (doc. 80) granting two motions to compel. Also before the Court is a Motion for Further Order Imposing Sanctions (doc. 97) ("Motion for Sanctions") filed by Defendants Kitchens by Kleweno ("Kleweno") and Cherie Brown ("Brown"). For the reasons set forth below, Plaintiff's Motion to Reconsider is granted and the Court's April 22, Memorandum and Order is vacated. This ruling renders Kleweno and Brown's Motion for Sanctions moot.

**I.**     **Background Information and Nature of the Matter Before the Court**

This case concerns a fire which occurred at Plaintiff's residence. Plaintiff asserts claims for negligence, breach of express and implied warranty, and product liability.

On April 1, 2009, Kleweno filed a Motion to Compel Discovery (doc. 73), which sought to compel Plaintiff to provide certain information responsive to Kleweno's Opening Interrogatories No. 3, 4, 9, 19, and 21. On that same date, Kleweno and Brown filed a Motion to Compel Discovery (doc. 75), which sought to compel Plaintiff to provide certain documents responsive to their First Requests for Production No. 19, 24, and 33.

Plaintiff's responses to the Motions to Compel were due April 15, 2009. When Plaintiff failed to respond to the Motions to Compel, the Court granted the motions as uncontested.[1] The Court's April 22, 2009 Memorandum and Order directed Plaintiff to produce all documents responsive to Kleweno and Brown's Requests No. 19, 24, and 33 and to supplement her answers to Kleweno's Opening Interrogatories No. 3, 4, 9, 19, and 21, as sought in the Motions to Compel.[2]

In addition, the Court ruled that in the event Plaintiff failed to produce the documents or supplement her interrogatory responses as ordered by the Court, Kleweno and Brown could move for sanctions under Federal Rule of Civil Procedure 37(b)(2).[3] Further, pursuant to Rule 37(a)(5)(A), the Court directed Plaintiff to show cause, in a pleading filed with the Court by May 12, 2009, why she and/or her attorney should not be required to pay the reasonable attorney's fees and expenses that Kleweno and Brown had incurred in filing the Motions to Compel.[4]

On April 29, 2009, Plaintiff filed the instant Motion to Reconsider, requesting that the Court reconsider and vacate its April 22, 2009 Memorandum and Order. In that motion, Plaintiff asks the Court to "remove the default which has occurred," permit Plaintiff to respond out of time to the Golden Rule letters issued by Defendants' counsel on March 18, 2009, and, if necessary, respond out of time to the Motions to Compel.[5] Plaintiff concedes that no timely responses to either the Golden Rule Letters or Motions to Compel were made, but explains that it was "not a conscious

---

[1] *See* April 22, 2009 Mem. and Order (doc. 80) at 1.

[2] *Id*. at 1-2.

[3] *Id.* at 2.

[4] *Id*. at 3.

[5] Pl.'s Mot. to Reconsider and to Vacate (doc. 84) at 1.

2

decision to ignore these discovery disputes."[6] Plaintiff's counsel explains that he failed to timely respond to the Golden Rule Letters and Motions to Compel because he "was caught up in the move to a new law firm and 'dropped the ball.'"[7] Plaintiff's counsel asserts that his failure to respond was the result of "unintentional oversight" and that his conduct should be considered "excusable neglect."[8] Plaintiff contends that because her default was the result of "excusable neglect," it would be manifestly unjust if reconsideration is denied and the Court's April 22, 2009 Order is allowed to stand.

Kleweno and Brown oppose Plaintiff's Motion to Reconsider, arguing that Plaintiff's counsel should have requested additional time to respond to the Golden Rule Letters and Motions to Compel. Furthermore, they argue that a change in law firms does not support a finding of excusable neglect, particularly in light of the fact that there was almost a month-long period of time over which Plaintiff's counsel could have responded to their March 18, 2009 Golden Rule Letters and their April 1, 2009 Motions to Compel.

On May 26, 2009, almost one month after the Motion to Reconsider was filed, Kleweno and Brown moved, pursuant to Rule 37(b)(2), for an order imposing sanctions against Plaintiff for failing to comply with the Court's April 22, 2009 Order.[9] Counsel for Kleweno and Brown states in his supporting affidavit that "[t]o this date, the discovery has not been produced and supplemented" as

---

[6] Pl.'s Suggestions in Supp. of Motion to Reconsider (doc. 85) at 3.

[7] *Id.*

[8] *Id.* at 3.

[9] *See* Mot. for Sanctions (doc. 97).

required by the April 22, 2009 Order.[10]  He does, however, indicate that the parties have corresponded and discussed the outstanding discovery and that some issues have been resolved.  He explains that Plaintiff still owes supplemental responses to Interrogatories No. 3, 9, 19 and 21, and to Request for Production No. 19.[11]  Because most of the outstanding discovery relates to Plaintiff's uninsured loss claim, Kleweno and Brown request that the Court prohibit Plaintiff from introducing evidence concerning her uninsured loss claim, dismiss with prejudice her uninsured loss claim against them, and award them the reasonable attorney's fees they incurred in filing their Motion for Sanctions and Motions to Compel.

Plaintiff has responded to the Motion for Sanctions, and disputes that she has failed to provide the discovery.  She asserts that on May 1, 2009, prior to the deadline imposed by the Court in its April 22, 2009 Order, she provided a detailed response to the Golden Rule Letters and provided supplemental discovery responses to *all* of the discovery requests in dispute.  She asserts that while Kleweno and Brown "may not be satisfied with the sufficiency of the answers given," it is misleading for Kleweno and Brown's counsel to represent to the Court that the discovery has not been produced and supplemented.[12]  In other words, Plaintiff contends that she has satisfied her obligations with respect to the discovery requests at issue in the Motions to Compel and the Court's April 22, 2009 Order.

**II.   Discussion**

Although the Federal Rules of Civil Procedure do not provide for motions for reconsidera-

---

[10]Aff. of Paul Gordon, attached as Ex. A to Mot. for Sanctions (doc. 97), ¶ 2.

[11]*Id., ¶¶* 2-3.

[12]Pl.'s Resp. to Mot. for Sanctions (doc. 112) at 2.

tion,[13] the District of Kansas has promulgated a local rule, D. Kan. Rule 7.3(b), which addresses reconsideration of non-dispositive rulings. Pursuant to D. Kan. Rule 7.3(b), motions seeking reconsideration of non-dispositive orders must be based on "(1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice."[14] The decision whether to grant or deny a motion for reconsideration is committed to the Court's sound discretion.[15]

The Court finds that Plaintiff has shown that its failure to respond to the Motions to Compel was the result of "excusable neglect." Excusable neglect is an "elastic concept" and is not limited strictly to omissions caused by circumstances beyond the control of the moving party.[16] The determination of whether excusable neglect has been established is an equitable one, which takes into account all relevant circumstances surrounding the party's omission.[17] Taking into consideration Plaintiff's quick response to Kleweno and Brown after learning of its counsel's omission via the Court's April 22, 2009 Order, the Court finds that the potential prejudice to Kleweno and Brown and the potential impact on discovery in this case has been minimized. Furthermore, the Court has no reason to believe that Plaintiff or her attorney acted in bad faith in

---

[13] *Hatfield v. Bd. of County Comm'rs*, 52 F.3d 858, 861 (10th Cir. 1995).

[14] D. Kan. Rule 7.3(b).

[15] *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995); *Hancock v. Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

[16] *Guang Dong Light Headgear Factory Co., Ltd. v. ACI Int'l Inc.*, No. 03-4165-JAR, 2007 WL 1341699, at *2 (D. Kan. May 4, 2007).

[17] *Id.* (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 391-92 (1993); *City of Chanute v. Williams Natural Gas*, 31 F.3d 1041, 1046 (10th Cir. 1994)).

5

failing to respond to the Golden Rule Letters and Motions to Compel and finds that this is an isolated incident and not a pattern of dilatory conduct.

Moreover, the Court holds that it would be manifestly unjust not to vacate its Order of April 22, 2009. As Plaintiff's counsel points out, the Court's Order is effectively a "default judgment" on Defendant's discovery requests and does not decide the discovery disputes on their merits. The parties have informed the Court that they have been able to resolve at least some of those disputes. The Court believes that it would advance the interests of justice for the Court to consider the merits of any remaining discovery disputes. Accordingly, the Court, in the exercise of its discretion, holds that reconsideration is necessary to prevent manifest injustice. The Court hereby grants reconsideration and vacates it April 22, 2009 Memorandum and Order.

As Kleweno and Brown contend that issues still remain as to Plaintiff's responses to Klewenos' Interrogatories No. 3, 9, 19 and 21 and to Kleweno and Brown's Request for Production No. 19, the Court will direct the parties to further confer regarding those responses, and, if necessary, provide additional briefing regarding any remaining disputes. Plaintiff, Kleweno, and Brown shall confer regarding the remaining issues by **July 17, 2009.** If the parties are unable to resolve their disputes, Kleweno and Brown may file a renewed motion to compel with respect to the outstanding disputes by **July 21, 2009.** Plaintiff shall file a response thereto by **July 23, 2009.** The Court will take up the motion at the July 24, 2009 Pretrial Conference.

As the Court is vacating its April 22, 2009 Memorandum and Order, Kleweno and Brown's Motion for Sanctions based on Plaintiff's failure to comply with that Order is now moot.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reconsider and to Vacate Order (doc. 84) is granted, and the Court's April 22, 2009 Memorandum and Order (doc. 80) is vacated.

**IT IS FURTHER ORDERED** that the parties shall follow the schedule set forth herein

regarding any remaining discovery disputes that were raised in Kleweno and Brown's Motions to Compel (doc. 73 and 75).

**IT IS FURTHER ORDERED** that Kleweno and Brown's Motion for Further Order Imposing Sanctions (doc. 97) is moot.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 14th day of July 2009.

<u>s/ David J. Waxse</u>
David J. Waxse
U.S. Magistrate Judge

cc:   All counsel and *pro se* parties