DJW/1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ALLISON P. DOCKHORN,

        **Plaintiff,**

    **v.**                               **Case No.  08-2307-JAR-DJW**

HAFELE AMERICA COMPANY, et al.,

        **Defendants.**

### MEMORANDUM AND ORDER

This is a subrogation case involving claims of property damage arising out of a fire that occurred at Plaintiff's residence.  Plaintiff asserts claims for negligence, breach of express and implied warranty, product liability, and breach of contract.  Pending before the Court is the Motion to Compel Discovery (doc. 130) filed by Defendant Kitchens by Kleweno ("Kleweno"), which seeks to compel Plaintiff to provide certain information in response to Kleweno's Opening Interrogatories. For the reasons set forth below, the Motion is granted.

### I.    Background Information

On April 1, 2009, Kleweno filed a Motion to Compel Discovery (doc. 73), which sought to compel Plaintiff to provide information responsive to Kleweno's Opening Interrogatories No. 3, 4, 9, 19, and 21.  After Plaintiff failed to respond to that motion, the Court granted the motion as uncontested on April 22, 2009.[1]  One week later, Plaintiff filed a motion requesting that the Court reconsider and vacate its April 22, 2009 Order, arguing that her failure to respond to the motion was

---

[1]*See* April 22, 2009 Mem. and Order (doc. 80) at 1.

due to excusable neglect.  The Court granted Plaintiff's motion, and vacated its April 22, 2009

Order.[2]  The Court directed the parties to confer regarding the interrogatory responses at issue, and,

if necessary, provide additional briefing regarding any remaining disputes.  In accordance with that

Order, the parties conferred.  Plaintiff also served supplemental interrogatory responses.  The

parties, however, were unable to resolve all of their disputes.  Consequently, Kleweno filed the

instant motion, which seeks to compel Plaintiff to fully respond to Kleweno's Opening Interrogato-

ries No. 3, 9, 19, and 21.

**II.      Analysis**

  **A.      Interrogatory No. 3**

   This interrogatory asks Plaintiff to "[i]temize all special damages Plaintiff is claiming in this

case other than lost income or profit (including but not limited to personal and/or real property

damages)."  In her initial answer to the interrogatory, Plaintiff responded, *inter alia*, that "[t]he exact

amount of plaintiff's uninsured loss is estimated to exceed $50,000.00, but the exact amount is not

yet finalized . . . ."  In her supplemental answer, Plaintiff responded:  "Ms. Dockhorn asserts and

maintains that the amount of her out-of-pocket and uninsured loss exceeds $50,000."

   Plaintiff, in her response to the Motion to Compel, asserts that her supplemental response

"establish[es] a fixed amount of fifty thousand dollars ($50,000.00) as the value of her uninsured

loss."[3]  In its reply brief, Kleweno attempts to clarify Plaintiff's response and states that "[i]f

Plaintiff is limiting her claim of uninsured loss at $50,000 and said amount is comprised wholly of

---

  [2]*See* July 14, 2009 Mem. and Order (doc. 124).

  [3]Pl.'s Suggestions in Opp'n to Mot. to Compel (doc. 132) at 2.

monies paid to RM Standard Company to return her house to the pre-fire condition, the Defendants are satisfied."[4]

The Court has contacted the parties, and Plaintiff's counsel confirms that Plaintiff is limiting her claim for uninsured loss to $50,000 and that this amount represents the money she paid to RM Standard Company to return her house to the pre-fire condition. The Court therefore finds this issue to be resolved. Plaintiff is directed to serve an amended sworn answer to this interrogatory which sets forth this information. Plaintiff shall do so within **twenty (20) days** of the date of this Order. The Motion to Compel is therefore granted to the extent Plaintiff is directed to provide this amended answer.

**B.     Interrogatory No. 9**

This interrogatory seeks the following information:

> For each item of personal property you claim was lost or damaged as a result of the fire . . ., please state the type of property, make, model and serial number, the date the property was purchased or acquired or approximate age of said property, the amount paid for the property and whether the property was damaged or destroyed.

In her initial response, Plaintiff responded that she "provided the Defendants in the case with numerous documents, including Personal Property Inventory Forms which provided an itemized and detailed summary, describing each piece of personal property Plaintiff claims was lost or damaged in the fire and the value of the same. (See Fed.R.Civ.P. 33(d))."

In her supplemental response, Plaintiff states that she has provided Defendants with the following documents from which this information may be obtained: (1) "Personal Property Inventory Forms" that she prepared, (2) handwritten "Personal Property Inventory Forms that she

---

[4]Kleweno's Reply in Support of Mot. to Compel (doc. 137) at 2.

also prepared, and (3) a "Contents Inventory Summary" that was prepared by her insurer, State Farm Insurance Company.   In addition, her supplemental response states that "[g]iven the total destruction of records and home contents as a result of the fire, it is unreasonable to expect that Ms. Dockhorn would have any of the original purchase records for any of the items destroyed in the fire."  Her supplemental response also states that she has "provided the best information available to her" and that she has no other information responsive to Interrogatory No. 9.

In her response to the Motion to Compel, Plaintiff explains that she has also provided Defendants with "supporting receipts and repair invoices" from which the requested information may be obtained.[5]  In addition, she represents that "all of the original receipts which . . . document the replacement costs of the items referred to in the Personal Property Inventory Form had been produced to Defendants prior to Plaintiff's deposition."[6]

Plaintiff argues in her response to the Motion to Compel that her answer to Interrogatory No. 9 can be ascertained from all of the above-described business records.  She also argues that this topic was covered at her deposition.  At the same time, however, she argues that if Kleweno was not satisfied with her interrogatory answer, then Kleweno should have inquired further of her during her deposition.  She states she was prepared to answer deposition questions about her itemized damages, including questions regarding the purchase date (or approximate age) and the purchase price of certain items of personal property listed on the Personal Property Inventory Forms and Contents Inventory Summary.

---

[5]Pl.'s Suggestions in Opp'n to Mot. to Compel (doc. 132) at 5.

[6]*Id.* at 7.

Kleweno replies that it has reviewed all of the above-described records but that the following information specifically requested in this interrogatory is *not* provided in those records: (1) the date the property was purchased or acquired, or the approximate age of the property; and (2) the amount paid for the property.   Kleweno also takes exception with Plaintiff's argument that Kleweno's counsel should have asked her for this information during her deposition if Kleweno was not satisfied that the business records provided all of the requested information.   Kleweno argues that Plaintiff cannot dictate the means of discovery by which an opposing party chooses to obtain discoverable information.   The Court finds Kleweno's arguments persuasive, for the reasons set forth below.

Federal Rule of Civil Procedure 33(d) permits a party responding to interrogatories to choose the option of producing its business records rather than providing a written answer.   Rule 33(d) provides:

> Where the answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served or from an examination, audit or inspection of such business records . . ., and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained and to afford to the party serving the interrogatory reasonable opportunity to examine, audit or inspect such records and to make copies, compilations, abstracts or summaries. A specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained.[7]

In this case, Plaintiff elected to produce records pursuant to Rule 33(d).   The Court questions whether Plaintiff was allowed to make such an election, however, since Plaintiff is an individual

---

[7]Fed. R. Civ. P. 33(d).

who arguably would not generate or possess "business" records for purposes of Rule 33(d).[8] As this Court has observed, "[i]f the answering party is not engaged in a business, it would appear unlikely that it would have 'business records'" within the meaning of Rule 33(d).[9]

The Court also questions whether Plaintiff may properly rely on the "Contents Inventory Summary," a record that was prepared by her insurer, State Farm Insurance Company.  That summary would be a record of State Farm Insurance Company, and not of Plaintiff.  Rule 33(d) refers to the "*business records of the party* upon whom the interrogatory has been served,"[10] which indicates that the records must be the business records of the party answering the interrogatory.[11]

Because Kleweno does not raise these arguments, the Court will not find them dispositive of whether Plaintiff has complied with Rule 33(d).  What Kleweno does argue is that Plaintiff's

---

[8]*See Gipson v. Southwestern Bell Tel. Co.*, No. 08-2017-EFM-DJW, 2009 WL 790203, at *6 (D. Kan. Mar. 24, 2009) (questioning whether individual plaintiff employee suing under the Fair Labor Standards Act may make a Rule 33(d) election because an individual is not a "business" who generates "business records."  *See also Wagner v. Fishing Co. of Alaska, Inc.*, No. C06-1634RSL, 2008 WL 2813333, at *1 (W.D. Wash. July 18, 2008) (citation omitted) ("This [Rule 33(d)] exception has been narrowly interpreted . . ., and in circumstances that do not strictly involve 'business records,' federal courts have generally refused to allow parties to answer interrogatories by referring to outside material. Rule 33(d).").

[9]*Gipson*, 2009 WL 790203, at *6.

[10]Fed. R. Civ. P. 33(d) (emphasis added).

[11]*See In re Savitt/Adler Litig.*, 176 F.R.D. 44, 49 (N.D. N.Y 1997) (improper for plaintiff to answer interrogatory by referring to business records of the defendants; "none of these documents constitute business records of plaintiffs"); *Pulsecard, Inc. Discover Card Servs., Inc.*, 168 F.R.D. 295, 304-05 (D. Kan. 1996) ("Under Fed. R. Civ P. 33(d) a party may produce *its* business records in lieu of answering . . . .") (emphasis added); *See In re M & L Bus. Mach. Co., Inc.*, 184 B.R. 366, 369 (D. Colo. 1995) ("Rule 33(d) targets situations in which the interrogatory would 'require a party to engage in a burdensome or expensive search into *his own business records* in order to give an answer.") (emphasis in original) (quoting Fed. R. Civ. P. 33 advisory committee's notes).  *See also* 8 A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure*, § 2178 at 332 (2d ed. 1994) ("Ordinarily it is . . . required that the information be obtainable from the records of the responding party, not those of somebody else.").

election to produce business records under Rule 33(d) is insufficient because it does not provide all of the information requested by the interrogatory.  The Court agrees with Kleweno that the records provide an insufficient answer because they do not provide (1) the date the property was purchased or acquired, or the approximate age of the property; and (2) the amount paid for the property.

Although the Personal Property Inventory Forms contain lists of items that were apparently destroyed or damaged in the fire, the Forms do not contain the purchase date, age, or amount paid for any item that was lost or damaged in the fire.[12]  The Contents Inventory Summary also fails to provide  the purchase date, age or the amount paid for any item of lost/damaged property. According to Plaintiff, the Contents Inventory Summary "itemizes the replacement items,"[13] and provides the "replacement cost," and "the actual cash value and the depreciation involved for the item replaced."[14]   Interrogatory No. 3, however, seeks information about the *property that was damaged or lost* as a result of the fire, and *not* information about any of *the replacement* items. Moreover, none of the receipts Plaintiff produced to Defendants appear to be responsive to this interrogatory as they "document the replacement costs of the items referred to in the Personal Property Inventory Form,"[15] and are not receipts for the purchase of any of the original pieces of property that were destroyed or lost in the fire.

The Court recognizes that the fire most likely destroyed any receipts or other records Plaintiff may have had which would show the date of purchase and purchase price.  If Plaintiff no

---

[12]Kleweno attaches a "sample" Personal Property Inventory Form that contains a column for the "Date of Purchase or Age"; however that column is blank.  *See* Ex. A, attached to Kleweno's Suggestions in Supp. of Mot. to Compel (doc. 131).

[13]Pretrial Order (doc. 158), ¶ 5.a.

[14]Pl.'s Suggestions in Opp'n to Mot. to Compel (doc. 132) at 5.

[15]*Id*. at 7.

7

longer has the documentation, Plaintiff may, to the extent possible, provide a sworn written response that *estimates* the purchase price of the items and their age, as Kleweno suggests in its brief.  To the extent Plaintiff is unable to *estimate* the purchase price or age of a particular piece of lost/damaged property, then Plaintiff should indicate that in her sworn written response.

The Court is not persuaded by Plaintiff's argument that these topics were covered at her deposition and that Kleweno's counsel should have questioned her further if Kleweno believed her interrogatory answer was insufficient.  There is nothing in the record showing that the specific information sought in Interrogatory No. 9 was covered in Plaintiff's deposition.  Even assuming arguendo that these topics were covered, that would not render this interrogatory "unreasonably cumulate or duplicative" within the meaning of Rule 26(b)(2)(C)(i).[16]  "[I]t is a generally accepted practice for litigants to engage in successive forms of discovery,"[17] and different methods of discovery are complementary, not alternative or exclusive.  Furthermore, Kleweno was under no obligation to depose Plaintiff about these specific topics, particularly when Plaintiff's deposition was limited to seven hours.[18]

In light of the above, the Court grants the Motion to Compel as to Interrogatory No. 9. Within **twenty (20) days** of the date of this Order, Plaintiff shall serve a supplemental sworn written response to this interrogatory providing the age or date of purchase and purchase price for each item of lost or destroyed property, as set out above.

---

[16]Rule 26(b)(2)(C)(i) permits a court to limit discovery where the discovery is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome or less expensive."

[17]*Foreclosure Mgmt. Co. v Asset Mgmt. Holdings, LLC*, No. 07-2388-DJW, 2008 WL 3895474, at *5 (D. Kan. Aug. 21, 2008).

[18]*See* Scheduling Order (doc. 43), ¶ 2.g (limiting Plaintiff's deposition to seven hours).

### C.      Interrogatories No. 19 and 21

Interrogatory No. 19 asks Plaintiff to provide the following information:

Please state the factual basis for your contention [Kleweno] breached express and implied warranties as alleged in ¶¶ 42 & 43 of your Amended Complaint, including a description of each express or implied warranty from [Kleweno] to Plaintiff and how it was allegedly breached.

Interrogatory No. 21 asks for similar information:

Identify with particularity each expressed [sic] and implied warranty you contend was breached by this defendant as alleged in Paragraph 42 of your Amended Complaint and identify with particularity the manner in which you contend such was breached by this defendant.

Paragraph 42 of Plaintiff's Amended Complaint alleges that "[i]n designing, engineering, assembling, inspecting, testing, marketing, advertising, selling, distributing, installing, and/or supplying the Lighting System," Kleweno and other Defendants "expressly and/or impliedly warranted that the Lighting System was safe and adequate for its ordinary and intended use and purpose."[19]  Paragraph 43 of the Amended Complaint alleges that Kleweno and other Defendants breached these warranties by: (a) designing the Lighting System with halogen lights that Defendants knew would generate excessive heat; (b) installing the Lighting System knowing that the halogen lights would generate excessive heat, creating the propensity for the lights to set fire to items left on the kitchen countertops; (c) failing to inspect and test the Lighting System; (d) failing to design and install the Lighting System in a good and workmanlike manner; and (e) "[o]therwise failing to use due care in designing and installing the Lighting System."[20]

---

[19]Am. Compl., ¶ 42.

[20]*Id.*, ¶ 43.

Plaintiff's initial response to Interrogatory No. 19 stated that "[t]he factual basis for plaintiff's claims of breach of express and implied warranty are contained in plaintiff's Amended Complaint."  Additionally, her response stated that Plaintiff "expected a custom design kitchen and laundry room that was a top of the line kitchen," and she assumed that the final product would be "functional and safe."  Finally, the response stated that Plaintiff "did not get what plaintiff paid for and the defendants have not stood by their products and services."  Plaintiff provided substantially similar information in her initial response to Interrogatory No. 21.

In her supplemental joint response to these interrogatories, Plaintiff adds the following:  "In her deposition, Ms. Dockhorn stated, 'if you want the best kitchens, you went to Kitchens by Kleweno.'"  She also states in her supplemental joint response that "[i]t is inherent within the project that Plaintiff expected that Defendants would provide a finished product that was not only an award-winning design and aesthetically pleasing, but one that was functional and safe."  Finally, her supplemental response states:

> The finished product provided by Defendants was neither functional, nor safe.  As opined by Mike Schlatman, "[t]he utilization of that type of fixture [halogen puck light], in that application was inherently unsafe in that the fixture produced high temperatures in excess of the ignition temperature of combustibles in too close proximity when the lights were turned on."  James Martin opined that, "it is my opinion this fire incident was the direct result of the misapplication of the low-voltage halogen light fixtures.  These particular light fixtures when installed under the wall cabinets above the countertop surface with only some eighteen inches of clearance below them, did not provide for the reasonable, usual and customary safe use of the countertop space below.  To suggest otherwise exceeds the common sense."  The mounting instructions for the puck lighting and the electronic transformer were expected to be followed, but were not.  The instructions are in conflict with the normal customary and intended use of the kitchen as designed and constructed by Defendants.  Additionally, it was learned during depositions that Kitchens by Kleweno sold a NEFF cabinet that offers a no-nonsense seven-year

warranty.  The contents of this no-nonsense seven-year warranty is [sic] included in the kitchen that Plaintiff purchased, and should be honored by Defendants.[21]

Kleweno contends that Plaintiff's initial and supplemental answers are insufficient because they fail to identify any implied warranties which Plaintiff claims were violated.  Kleweno asserts that Plaintiff's responses are basically an explanation of why she alleges the lighting system was unsafe and not functional, and that such an explanation is not responsive to these two interrogatories.  Kleweno asks that Plaintiff be compelled to "clearly identify" the implied warranties she alleges Kleweno breached, provide the factual basis for her claims that they were breached, and identify the manner in which each warranty was allegedly breached.

Plaintiff asserts that she has answered these interrogatories "with sufficient particularity" to enable Kleweno to ascertain the implied warranties she claims were breached.  In addition, she argues that compelling her to provide any further information would require her to provide "each and every fact" about her implied warranty claims and to supply a narrative of her case, which would be unduly burdensome.  She maintains that further responses are not required under the rule set forth in *Heartland Specialty Hospital, LLC v. Midwest Division, Inc.*[22] and *Allianz Insurance Co. v Surface Specialties, Inc.*[23]

The Court disagrees and finds Plaintiff's answers to be insufficient.  Nowhere in her  initial responses or joint supplemental response does Plaintiff identify a particular implied warranty that Kleweno allegedly breached.  Furthermore, the Court does not find these interrogatories overbroad or unduly burdensome under the rule set forth in *Hearltand*  and *Allilanz*.  Those cases stand for the

---

[21](Citations to expert reports and deposition transcripts deleted.)

[22]No. 05-2164-MLB-DWB, 2007 WL 950282 (D. Kan. Mar. 26, 2007).

[23]No. 03-2470-CM-DJW, 2005 WL 44534 (D. Kan. Jan. 7, 2005).

proposition that "interrogatories seeking 'each and every fact' and which blanket the entire case are objectionable" because they are "overly broad and unduly burdensome on their face."[24]   The interrogatories in *Allianz* required the plaintiff to (1) state in detail "each and every fact" upon which the allegations and claims contained in certain paragraphs of its complaint were based, (2) state the names and addresses of each and every person who had information or knowledge concerning such facts, and (3) identify each and every document that related to all of those allegations and facts.[25]

In contrast, Interrogatory No. 19 in this case merely asks Plaintiff to "state the factual basis" for her contention that Kleweno breached the implied warranties alleged in ¶¶ 42 & 43 of her Amended Complaint" and to include in that answer "a description of each . . . implied warranty from [Kleweno] to Plaintiff and how it was allegedly breached."  Similarly, Interrogatory No. 21 asks Plaintiff to identify each implied warranty Plaintiff claims in Paragraph 42 of her Amended Complaint was breached and "to identify with particularity the manner in which it was breached." The interrogatories do not ask Plaintiff to identify every single fact supporting her breach of implied warranty claims.

In any event, the Court notes that Plaintiff did not assert overbreadth or undue burden as an objection to either of these interrogatories when she served her initial responses.  Consequently, even if the Court were to find them overly broad or unduly burdensome, Plaintiff waived the right to assert those objections by not raising them in her initial responses.[26]

---

[24]*Heartland,* 2007 WL 950282 , at *6, n.11 (quoting Allianz, 2005 WL 44534, at *9).

[25]*Allianz*, 2005 WL 44534, at *8.

[26]Fed. R. Civ. P. 33(b)(4) requires that "[t]he grounds for objecting to an interrogatory must be stated with specificity.  Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."  Thus, it is well settled that any objections to discovery requests which are not timely asserted are deemed waived, unless the responding party establishes good cause
(continued...)

In sum, the Court finds that these two interrogatories are not objectionable and that Plaintiffs answers are insufficient.  The Court therefore grants the Motion to Compel as to Interrogatories No. 19 and 21.  For each implied warranty that Plaintiff claims Kleweno breached, Plaintiff shall identify the type of warranty, *e.g.*, whether is it an implied warranty of fitness for a particular purpose, implied warranty of merchantability,[27] or an implied warranty of workmanlike performance,[28] and provide the other information requested as to each of those warranties.   Plaintiff shall serve her supplemental responses to Interrogatories No. 19 and 21 within **twenty (20) days** of the date of this Order.

## III.   Fees and Expenses

Kleweno requests that Plaintiff be required to reimburse Kleweno for the reasonable attorney's fees and expenses that Kleweno incurred in filing not only the instant Motion to Compel but also its April 1, 2009 Motion to Compel (doc. 73).[29]

---

[26](...continued)
to excuse its failure to timely object. *See, e.g.*, *White v. Graceland Coll. Ctr. for Prof. Dev. & Lifelong Learning, Inc.*, 586 F. Supp. 2d 1250, 1256-57 (D. Kan. 2008) ("Objections that are not initially raised in the answer or response to the discovery are deemed waived."); *Brackens v. Shield*, No. 06-2405-JWL-DJW, 2007 WL 2122428, at *1 (D. Kan. July 20, 2007) ("[I]n the absence of good cause to excuse a failure to timely object to interrogatories or requests for production of documents, all objections not timely asserted are waived.").

[27]*See Addis v. Bernardin, Inc*., 226 Kan. 241, 245-46, 597 P.2d 250 (1979) (distinguishing between an implied warranty of merchantablity and an implied warranty of fitness for a particular purpose).

[28]*See Belger Cartage Serv., Inc. v. Holland Constr. Co.*, 224 Kan. 320, 333-34, 582 P.2d 1111 (1978) (setting forth elements of an implied warranty to perform in workmanlike manner).

[29]Plaintiff also seeks to recover her reasonable fees and expenses in the event the Motion to Compel is denied.  Because the Motion is granted, the Court need not address Plaintiff's request.

Federal Rule of Civil Procedure 37(a)(5) governs the award of fees and expenses in connection with motions to compel. Subsection (A) of Rule 37(a)(5) applies when the Court grants the motion to compel. Under that subsection, the award of fees and expenses is mandatory, unless certain exceptions apply.[30] The Rule provides in pertinent part: "If the motion [to compel discovery] is granted . . . the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless the (i) the movant filed the motion before attempting in good faith to obtain the discovery without court action, (ii) the opposing party's responses or objections were substantially justified, or (iii) other circumstances make an award of expenses unjust.[31]

The Court does not find that any of the stated exceptions to Rule 37(a)(5)(A) applies here. The Court therefore holds that Kleweno is entitled to recover its reasonable fees and expenses incurred in connection with the instant motion. The Court notes that it is not required to hold a hearing before awarding these fees and expenses. Although the Rule requires that the Court afford the parties an "opportunity to be heard on this issue,[32] it is well settled that the Court may consider the issue "on written submissions."[33] Here, Kleweno expressly requested in its motion that it be awarded its expenses and attorney fees. And Plaintiff had the opportunity to address that request

---

[30]*Meredith v. Great Wolf Lodge of Kan. City, LLC*, No. 07-2529-DJW, 2008 WL 4305110, at *1 (D. Kan. Sept. 18, 2008).

[31]Fed. R. Civ. P. 37(a)(5)(A).

[32]*Id.*

[33]*See, e.g., Meredith*, 2008 WL 4305110, at *1; *Bradley v. Val-Mejias*, No. 00-2395-GTV, 2001 WL 1249339, at *11 n.7 (D. Kan. Oct. 9, 2001) (citing Fed.R.Civ.P. 37(a)(4) advisory committee's note).

in her responsive brief.  The Court therefore finds that the parties have had sufficient "opportunity to be heard" within the meaning of  Fed.R.Civ.P. 37(a)(5).

In light of the above, the Court will grant Kleweno's request for expenses and fees incurred in connection with the filing of the instant Motion to Compel.  To aid the Court is determining the proper amount of the award, Kleweno's counsel shall file, by **September 24, 2009**, an affidavit itemizing the attorney's fees and expenses that Kleweno has incurred in bringing this Motion to Compel.  Plaintiff shall have until **October 8, 2009** to file a response to the affidavit.  Thereafter, the Court will issue an order specifying the amount of the award and the time of payment.

The Court denies Kleweno's request that it be awarded the fees and expenses it incurred in connection with the filing of its April 1, 2009 Motion to Compel (doc. 73).  As discussed above in the procedural history of this case,[34] although the Court initially granted the April 2, 2009 Motion to Compel, the Court granted Plaintiff's Motion to Reconsider and vacated the Order granting the Motion.   Because the Order granting the Motion to Compel was vacated, the Court had no basis under Rule 37(a)(5) to award fees and expenses in connection with it.

**IT IS THEREFORE ORDERED** that the Motion to Compel Discovery (doc. 130) filed by Defendant Kitchens by Kleweno is granted, as set forth herein.

**IT IS FURTHER ORDERED** that Plaintiff shall supplement her interrogatory answers as required by this Order within **twenty (20) days** of the date of this Order.

**IT IS FURTHER ORDERED** that Kitchens by Kleweno's request for attorney's fees and expenses incurred in connection with the instant Motion to Compel Discovery (doc. 130) is granted, and Kitchens by Kleweno shall file by **September 24, 2009** an affidavit itemizing the reasonable

---

[34]*See* Part I, *supra*.

attorney's fees and expenses it has incurred in connection with its Motion to Compel Discovery.

Plaintiff's response to the affidavit shall be filed on or before **October 8, 2009.**

       **IT IS FURTHER ORDERED** that Kitchens by Kleweno's request for attorney's fees and

expenses incurred in connection with its April 1, 2009 Motion to Compel Discovery (doc. 73) is

denied.

       **IT IS SO ORDERED.**

       Dated in Kansas City, Kansas on this 4th day of September 2009.


                                     s/David J. Waxse
                                     David J. Waxse
                                     U.S. Magistrate Judge


cc:    All counsel and *pro se* parties