lml

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ALLISON DOCKHORN, )<br>)<br>  Plaintiff, )<br>)<br>)<br>vs. )<br>)<br>HAFELE AMERICA COMPANY, )<br>et al., )<br>)<br>  Defendants. )<br>                                              ) | Case No. 08-2307-JAR |

### MEMORANDUM AND ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND

This matter is before the Court on plaintiff's Motion for an Extension of Time to Respond (Doc. 164) to defendants' Motions for Summary Judgment (Docs. 149, 154), and Motions in Limine to Exclude the Testimony of Plaintiff's Experts James Martin and Michael Schlatman (Docs. 151, 153, 157) (the "*Daubert* motions"). Defendants have responded (Doc. 165) and oppose the motion. Plaintiff has filed a reply, attaching the affidavit of counsel Mark Ferguson (Doc. 174).

Defendants filed their motions on August 28, 2009. Plaintiff's responses to the *Daubert* motions were due on September 11, 2009 (fourteen days), and her responses to the summary judgment motions were due on September 21, 2009 (twenty-three days).[1] After contacting defendants' counsel, who did not agree to an extension, on September 16, 2009, plaintiff filed the instant motion, stating that he mistakenly calculated the response time for the *Daubert*

---

[1] *See* D. Kan. R. 6.1(d)(1), (2).

motions to be the same as the dispositve motions for summary judgment, thinking they were interrelated because defendants argue that no expert testimony exists or is insufficient to support several of plaintiff's theories of recovery. He asks for a thirty day extension, or until October 21, 2009, in order to respond to all of the pending motions.

Defendants vigorously oppose the motion, arguing that plaintiff has failed to show excusable neglect in failing to respond to the *Daubert* motions and that the additional time requested to respond to the summary judgment motions is unnecessary and unreasonable.

Under D. Kan. R. 6.1(a),

> All motions for an extension of time to perform an act required or allowed to be done within a specified time shall show (1) if there has been prior consultation with opposing counsel and the views of opposing counsel; (2) the date when the act was first due; (3) if prior extensions have been granted, the number of extensions granted and the date of expiration of the last extension; and (4) the cause for the requested extension. Extensions will not be granted unless the motion is made before the expiration of the specified time, except upon a showing of excusable neglect.

Excusable neglect is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant.[2] The determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."[3] Perhaps the single most important factor in determining whether neglect is

---

[2]*Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 391–92 (1993).

[3]*Id.* at 395; *see also Bishop v. Corsentino*, 371 F.3d 1203, 1206-07 (10th Cir. 2004).

excusable is fault in the delay.[4] Whether the moving party's underlying claim is meritorious should also be taken into consideration.[5] Further, "[a] court may take into account whether the mistake was a single unintentional incident (as opposed to a pattern of deliberate dilatoriness and delay), and whether the attorney attempted to correct his action promptly after discovering the mistake."[6] "'[A] mistake . . . could occur in any [attorney's] office, no matter how well run.'"[7]

Taking into account all of these factors, the Court finds no showing of any prejudice to defendants from the delay. In addition, the length of the delay is relatively minimal and will not significantly disrupt the judicial proceedings, as trial is not set until April 2010. The Court finds no suggestion that plaintiff acted in bad faith. The reason for the delay, however, weighs against plaintiff. As previously noted, the Tenth Circuit has found that "fault in the delay remains a very important factor—perhaps the most important single factor—in determining whether neglect is excusable."[8] Plaintiff's reason for failing to file a response to the *Daubert* motions is counsel's mistake in construing the rules. "[I]t is well established that inadvertence, ignorance of the rules, and mistakes construing the rules do not constitute excusable neglect for the purposes of Rule 6(b)."[9] However, counsel also explains that he misapprehended the nature of the *Daubert* motions, thinking they were dispositive because defendants premised several of their arguments

---

[4] *Jennings v. Rivers*, 394 F.3d 850, 856 n.5 (10th Cir. 2005) (citing *United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004)).

[5] *Id.* at 857 (citing *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444–45 (10th Cir. 1983)).

[6] *Id.* (citing *Hancock v. Okla. City*, 857 F.2d 1394, 1396 (10th Cir. 1988)).

[7] *Id.* (quoting *Hancock*, 857 F.2d at 1396).

[8] *City of Chanute v. Williams Natural Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994).

[9] *Quigley v. Rosenthal*, 427 F.3d 1232, 1238 (10th Cir. 2005).

3

on summary judgment on the inadmissibility of plaintiff's experts.  This appears to the Court to be a single, isolated incident that counsel immediately attempted to correct.  Counsel for plaintiff has also acted in good faith, agreeing to several extensions for defendants' counsel when requested.[10]

Moreover, the Court takes into consideration whether the *Daubert* motions are meritorious.  Lack of a response by plaintiff does not foreclose the Court's gatekeeping function to determine whether expert testimony should be allowed under *Daubert*.  Of course, the most common method for fulfilling this function is a *Daubert* hearing.[11]  This Court's preliminary review of defendants' motions indicates the need for a hearing, as the exhibits to the motions are insufficient for the Court to render a decision on the briefs.[12]  Thus, defendants' objection to plaintiff's request does not have the desired preclusive effect; indeed, it will result in a hearing that might otherwise be avoided if the motions were fully briefed.  Under these circumstances, the Court finds that plaintiff has demonstrated excusable neglect, and plaintiff's motion for relief is granted.

Plaintiff has also demonstrated good cause to extend the response deadline for the motions for summary judgment.  Although many of the issues will overlap, responding to both summary judgment motions will involve extensive work.  As noted, trial is not set until April 15, 2010, and the requested extension should not impact that setting date.

---

[10]*See, e.g.,* Docs. 81, 140, 147, 159, 162 (various unopposed motions for extension of time filed by defendants).

[11]*Goebel v. Denver & Rio Grand W. R.R.*, 215 F.3d 1083, 1087 (10th Cir. 2000).

[12]For example, defendants' motions merely attach excerpts from the experts' deposition testimony, but fail to attach such relevant information as the experts' reports or even curricula vitae.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's Motion for Additional Time to Respond (Doc. 164) is GRANTED.  Plaintiff shall file her response to the *Daubert* motions and the motions for summary judgment no later than **October 21, 2009**.

**IT IS SO ORDERED.**

Dated:  October 8, 2009

                                           S/ Julie A. Robinson
                                           JULIE A. ROBINSON
                                           UNITED STATES DISTRICT JUDGE