lml

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| ALLISON P. DOCKHORN | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 08-2307-JAR |
| KITCHENS BY KLEWENO, CHERIE BROWN and DAVID BROWN, | ) ) ) ) | |
| Defendants. | ) ) ) ) | |

## ORDER MEMORIALIZING JUNE 18, 2010 RULING

At the close of plaintiff Allison Dockhorn's evidence in the trial, defendant David Brown filed a Motion for Judgment as a Matter of Law pursuant to Fed. R. Civ. P. 50(a) on plaintiff's claim of breach of implied warranty of fitness for a particular purpose (Doc. 230). Defendants Kitchens by Kleweno and Cherie Brown also filed a Motion for Judgment as a Matter of Law on plaintiff's claims of professional negligence, negligent failure to warn and breach of implied warranty (Doc. 228). After hearing arguments and considering defendants' submissions, the Court made oral findings of fact and conclusions of law. For the reasons set forth in the record and as supplemented below, the Court grants defendants David Brown and Cherie Browns' motions with respect to the breach of implied warranty claim.[1]

**I.      Standard**

Under Federal Rule of Civil Procedure 50(a), a court may grant judgment as a matter of

---

[1] The Court took the remainder of defendant Kitchens by Kleweno and Cherie Brown's motion under advisement, and these claims were submitted to the jury.

law when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue."[2] A moving party "is entitled to a judgment if the evidence points but one way and is susceptible to no reasonable inferences which may support the opposing party's position."[3] "The question is not whether there is literally no evidence supporting the nonmoving party but whether there is evidence upon which a jury could properly find for that party."[4] In order for a jury to properly find for a party, "more than a scintilla of evidence" must be presented to support a claim.[5] When the moving party also carries the burden of proof, the motion "may be granted only where [the movant] has established his case by evidence that the jury would not be at liberty to disbelieve."[6] "[T]he evidence is tested for overwhelming effect. . . . A directed verdict for the party bearing the burden of proof may be granted only if the evidence is such that without weighing the credibility of the witnesses the only reasonable conclusion is in its favor."[7]

In considering a motion for judgment as a matter of law, the court reviews all of the evidence in the record and construes it in the light most favorable to the nonmoving party.[8] But the court must refrain from making credibility determinations and weighing the evidence.[9] "The

---

[2] Fed. R. Civ. P. 50(a)(1).

[3] *Deters v. Equifax Credit Info. Servs., Inc.*, 202 F.3d 1262, 1268 (10th Cir. 2000) (quotations omitted).

[4] *Herrera v. Lufkin Indus., Inc.*, 474 F.3d 675, 685 (10th Cir. 2007).

[5] *Id.* (citing *Century 21 Real Estate Corp. v. Meraj Int'l Inv. Corp.*, 315 F.3d 1271, 1278 (10th Cir. 2003)).

[6] *Black v. M&W Gear Co.*, 269 F.3d 1220, 1238–39 (10th Cir. 2001) (quotation omitted).

[7] *Hurd v. Am. Hoist & Derrick Co.* 734 F.2d 495, 499 (10th Cir. 1984).

[8] *Tyler v. RE/MAX Mountain States, Inc.*, 232 F.3d 808, 812 (10th Cir. 2000) (citing *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133 (2000); *Deters*, 202 F.3d at 1268).

[9] *Id.*

jury has the exclusive function of appraising credibility, determining the weight to be given to the testimony, drawing inferences from the facts established, resolving conflicts in the evidence, and reaching ultimate conclusions of fact."[10]

## II. Discussion

The Court previously granted David Brown's motion for summary judgment on plaintiff's claim of negligent failure to warn because that claim is limited to sellers, and Brown was not the seller of the halogen lights and Kansas law does not impose a duty to warn against a non-selling installer.[11] Likewise, under K.S.A. 84-2-315, plaintiff's breach of implied warranty claim is also limited to sellers. Because David Brown did not raise this issue on summary judgment, however, the Court did not address it at that time.[12]

> K.S.A. 84-2-315 states:
>
> > Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under the next section an implied warranty that the goods shall be fit for such purpose.[13]

K.S.A. 84-2-103 defines "Seller" as "a person who sells or contracts to sell goods." A "sale" consists of the passing of title from the seller to the buyer for a price."[14]

---

[10]*See United Int'l Holdings, Inc. v. Wharf (Holdings) Ltd.*, 210 F.3d 1207, 1227 (10th Cir. 2000) (internal quotations and citation omitted).

[11]*See* Doc. 195 at 41-42. The Court also dismissed this claim against co-defendant Clifford "Kent" Means.

[12]*Id.* at 48 n.101.

[13]K.S.A. 84-2-315 (1996).

[14]K.S.A. § 84-2-106.

The Kansas Pattern Instruction for this claim mirrors the statute, and states:

> When a seller at the time of contracting for sale has reason to know of any particular purpose for which the (products) (goods) are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable (products) (goods), there is an implied warranty that the (products) (goods) shall be fit for that purpose.
>
> A seller who breaches this warranty is liable to any person who may reasonably be expected to use, consume, or be affected by the goods and who is injured as a result.[15]

Plaintiff failed to prove that either David or Cherie Brown was the "seller" of any product. Regardless of whether "product" is defined as the kitchen and laundry area, the cabinets or the halogen lights, David Brown neither sold nor furnished any of these products. Instead, the uncontroverted evidence is that David Brown was the contractor and installer of the cabinets and lights, and did not participate in the decision to use, select furnish or purchase the Neff cabinet with the particular halogen light. Nor did the evidence establish that Cherie Brown, who was employed by Kitchens by Kleweno as a designer, was a seller. Instead, the evidence shows that Cherie Brown did not personally sell any product to plaintiff, but acted as an employee of Kitchens by Kleweno. The contract between Kitchens by Kleweno and the Dockhorns clearly designates Kitchens by Kleweno as the "seller" in this transaction. Accordingly, defendants David Brown and Cherie Brown are granted judgment as a matter of law on the breach of implied warranty for fitness for a particular purpose claim.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant David Brown's

---

[15]P.I.K. Civil 4th 128.10 (2008). This instruction was given to the jury with respect to defendant Kitchens by Kleweno.

Motion for Judgment as a Matter of Law (Doc. 230) is GRANTED; defendant Cherie Brown's Motion for Judgment as a Matter of Law (Doc. 228) is GRANTED in part with respect to the breach of implied warranty claim.

**IT IS SO ORDERED.**

**Dated: June 22, 2010**

 **S/ Julie A. Robinson**
**JULIE A. ROBINSON**
**UNITED STATES DISTRICT JUDGE**

.